UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GELESCIA CLARK | CIVIL ACTION |
| v. | NO. 19-11411 |
| L. WALTHER & SONS OF GEORGIA, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

This is a car accident case. The plaintiff's motion presents a question of removal procedure: whether all properly joined and served defendants timely consented to removal. Finding that they did not, the Court orders remand.

Gelescia Clark says she was driving in St. James Parish, Louisiana, when the unidentified driver of a truck owned by L. Walther & Sons "pulled out into" her lane and "force[d] her vehicle off the roadway." Alleging grave injuries, she sued in the Twenty-Third Judicial District Court for the Parish of St. James on May 24, 2019. She named as defendants: the unidentified truck driver; L. Walther & Sons; L. Walther & Sons' liability insurer, Nationwide

1

Agribusiness Insurance Company; and Clark's uninsured motorist insurance carrier, Permanent General Assurance Corporation.

Invoking the Court's diversity jurisdiction, L. Walther & Sons and Nationwide Agribusiness removed the case on June 28, 2019. They allege, in their notice of removal, that co-defendant "Permanent General has been served but has not made a formal appearance." They do not allege that Permanent General consented to removal.

Now, Clark moves to remand. She says the removal was improper because Permanent General did not timely consent to it. The removing defendants rejoin that Permanent General's consent was not required because it had not appeared at the time of removal. They also submit an email, dated September 11, 2019, as "confirmation" of Permanent General's consent to the June 28, 2019 removal.

I.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995)). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" Gutierrez v. Flores, 543 F.3d 248, 251 (5th

2

Cir. 2008) (quoting In re Hot-Hed, Inc., 477 F.3d 320, 323 (5th Cir. 2007)).

II.

A defendant may remove a case from state to federal court if the case is within the federal court's original jurisdiction. See 28 U.S.C. § 1441(a). The parties agree that the Court has diversity jurisdiction.[1] See 28 U.S.C. § 1332(a)(1). They dispute whether the removing defendants complied with removal procedure. See 28 U.S.C. § 1446(b).

All "properly joined and served" defendants must consent to removal. 28 U.S.C. § 1446(b)(2)(A). The parties agree that Permanent General was properly joined and served; only its consent is at issue. To establish consent, "there must be some timely filed written indication from each served defendant . . . that it has actually consented to removal." Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).[2] This "written indication" is timely if it is filed within the statutory removal period. Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002);

---

[1] Clark is a Georgia citizen, L. Walther & Sons is a Michigan corporation with a principal place of business in Michigan, and Nationwide Agribusiness is an Ohio corporation with a principal place of business in Ohio. The amount in controversy exceeds $75,000, exclusive of interest and costs.

[2] The Federal Courts Jurisdiction and Venue Clarification Act (FCJVCA), PUB. L. NO. 112-63, 125 STAT. 758, did not displace Getty Oil's written consent requirement. See Crowley v. Amica Mut. Ins. Co., No. 12-775, 2012 WL 3901629, at *2 (E.D. La. Sept. 7, 2012).

3

Ortiz v. Young, 431 F. App'x 306, 307 (5th Cir. 2011). In a multi-defendant case, each defendant has thirty days "after receipt by or service on that defendant of the initial pleading or summons" to file the notice of removal.[3] 28 U.S.C. § 1446(b)(2)(B).

The removing defendants filed their notice of removal on June 28, 2019. The notice states that L. Walther & Sons was served on Tuesday, June 4, 2019, and Nationwide Agribusiness and Permanent General were served on Friday, June 7, 2019. So, the deadline for consenting to removal was Monday, July 8, 2019 — thirty-one[4] days after service on the last-served defendants, Nationwide Agribusiness and Permanent General. See 28 U.S.C. § 1446(b)(2)(B); Gillis, 294 F.3d at 759.

The removing defendants did not obtain Permanent General's consent by Monday, July 8, 2019. Because the removing defendants failed to timely obtain consent from a properly joined and served

---

[3] The FCJVCA took effect on January 6, 2012. See Pub. L. No. 112-63, 125 Stat. 758. It codified the last-served-defendant rule and displaced the first-served-defendant rule this Circuit had traditionally applied. See Andrews v. Miss. Farm Bureau Cas. Ins. Co., 187 F. Supp. 3d 749, 755 (S.D. Miss. 2016). Under the first-served-defendant rule, all defendants had to consent to removal within thirty days of the date the first defendant was served. See Getty Oil, 841 F.3d at 1262-63.

[4] Thirty days from Friday, June 7, 2019 was Sunday, July 7, 2019. Because the last day of the thirty-day removal period was a Sunday, the period continued to run until Monday, July 8, 2019. See Fed. R. Civ. P. 6(a)(1).

4

co-defendant, the removal is defective. See Gillis, 294 F.3d at 759; Ortiz, 431 F. App'x at 307. Remand is required.[5]

Disregarding this defect, the removing defendants point to a September 11, 2019 email as "confirmation" of consent to a removal accomplished two months earlier. They appear[6] to contend that no time limit attends the consent requirement; it is enough, they say, that a properly joined and served co-defendant at some point consents. They are mistaken. See Powers v. United States, 783 F.3d 570, 576 (5th Cir. 2015) ("The rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal."); Gillis, 294 F.3d at 759 ("[T]o comply with the requirements of § 1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period."); Crowley, 2012 WL 3901629, at *4 (holding that the removing defendant's failure to timely obtain a co-defendant's consent to removal required remand).

The removing defendants' alternative argument fares no better. Permanent General's consent was not required, they submit, because Permanent General had not entered an appearance at the

---

[5] In "exceptional circumstances," a court may excuse a defendant's failure to timely remove a case. Brown v. Demco, 792 F.2d 478, 482 (5th Cir. 1986). The removing defendants identify no such circumstances.

[6] Because the removing defendants cite no authority in their opposition brief, it is difficult to ascertain the arguments they intend to make.

5

time of removal. But a defendant's appearance is not relevant; its proper joinder and receipt of service is key. See 28 U.S.C. § 1446(b)(2)(A) (requiring consent of all "properly joined and served" defendants). And it is undisputed that Permanent General was properly joined and served before removal. Id. Its consent to removal was required.

### III.

The removing defendants failed to timely obtain consent to removal from a properly joined and served co-defendant. They have not shown that removal was proper. See Manguno, 276 F.3d at 723.

Accordingly, IT IS ORDERED: that the plaintiff's motion to remand is GRANTED, and this action is REMANDED to the Twenty-Third Judicial District Court for the Parish of St. James, Louisiana.

New Orleans, Louisiana, September 20, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE